```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FREDERICK B. CAMPBELL,              :
                                    :
                Plaintiff,          :
                                    :          11-Civ-5782(BSJ)
           v.                       :          OPINION & ORDER
                                    :
UNITED STATES OF AMERICA, and       :
TIMOTHY GEITHNER,                   :
                                    :
                Defendants,         :
                                    :
                                    :
                                    :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/12

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

## INTRODUCTION

Plaintiff *pro se* in this action, Frederick B. Campbell, seeks a declaration that §§ 106 and 162(1) of the Internal Revenue Code ("Tax Code"), 26 U.S.C. §§ 106, 162(1), are unconstitutional. For the reasons that follow, the United States Defendant's motion to dismiss is granted.

## BACKGROUND

Section 106 of the Tax Code allows individuals who are employed by third-parties to exclude the cost of employer-provided health insurance benefits from their income, which reduces their income, Social Security, and Medicare tax liabilities. Section 162(1) allows individuals who are self-employed to deduct the cost of their health-insurance premiums

1

from their income taxes, but not from their Social Security or Medicare taxes.

Plaintiff is self-employed and thus entitled to deduct the cost of his health-insurance premiums from his income taxes pursuant to § 162(1). The gravamen of Plaintiff's complaint is that it is unconstitutional for Congress to subsidize health care through §§ 106 and 162(1) of the Tax Code rather than through an appropriations law. (Am. Complaint, ¶¶ 20-23.) Defendant moves to dismiss the Complaint on the ground that Plaintiff lacks standing to sue.

## LEGAL STANDARD

A Plaintiff's standing to sue is a threshold question, as it "determin[es] the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). To demonstrate standing, a plaintiff must show by a preponderance of the evidence that he has "suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." Woods v. Empire Health Choice, Inc., 574 F.3d 92, 96 (2d Cir. 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)); Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002).

## DISCUSSION

Plaintiff here has not alleged an "injury in fact" caused by the challenged government conduct. Lujan, 504 U.S. at 560. For several reasons, the first injury that Plaintiff claims—that he pays higher taxes than individuals who are eligible for a tax exclusion under § 106 (Am. Complaint, ¶¶ 14-15)—is not cognizable. For one, Plaintiff has not alleged an "invasion of a legally protected interest" here, Lujan, 504 U.S. at 560, as Congress may enact tax laws that treat some taxpayers more favorably than others, consistent with the Constitution. See Regan v. Taxation with Representation of Wash., 461 U.S. 540, 547 (1983) (rejecting challenge to a tax law that favored some groups over others, stating, "[l]egislatures have especially broad latitude in creating classifications and distinctions in tax statutes"); see also Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-49 (1974) (quoting New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934)) ("[T]he propriety of a deduction does not turn upon general equitable considerations, such as a demonstration of effective economic and practical equivalence. Rather, it 'depends upon legislative grace.'"). Moreover, the reason why Plaintiff's tax liability is calculated pursuant to § 162(1) rather than § 106 is the direct result of his decision to be self-employed; Congress has not imposed that choice on him, and so "he must live with the

consequences of the federal tax code and the limitations it places upon him." Campbell v. United States, No. 00-4746, 2001 WL 1262934, at *4 (S.D.N.Y. Oct. 22, 2001).

Lastly, the injury is abstract. Though Plaintiff complains about his discrepant tax treatment for purposes of describing his harm, his chief complaint is that Congress has used the Tax Code—rather than an appropriations law—to distinguish between the self-employed and those who work for third-parties. But a complaint about Congress's lawmaking methods, or the constitutionality of its actions, is a generalized grievance, which Plaintiff lacks standing to pursue. See Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc., 454 U.S. 464, 479 (1982).

The second injury that Plaintiff claims is also speculative. Plaintiff contends that allowing exclusions under § 106 will cause the government to lose revenue, which will require Congress to impose higher tax rates in general to compensate for that loss, ultimately making Plaintiff's tax liability higher than it would be otherwise. (Am. Complaint, ¶ 16.) Plaintiff cannot predict or presume to know why Congress raises or lowers taxes. And he has not alleged facts to suggest how §§ 106 and 162(l) relate to the remaining provisions of the Tax Code such that the repeal of the former would cause a net

increase in revenue.  Certainly, Plaintiff's vague assertions about Congress's future actions do not allege any injury to him that is "actual or imminent." Lujan, 504 U.S. at 560; see Green Island Power Auth. v. F.E.R.C., 577 F.3d 148, 161 (2d Cir. 2009) (rejecting an alleged injury as speculative where it was based on a number of assumptions about the future conduct of a third party).

For similar reasons, the Court finds that Plaintiff's alleged harms would not be redressed by the relief that he seeks.  See Lamar Advertising v. Town of Orchard Park, 356 F.3d 365, 373 (2d Cir. 2004) (quoting Lujan, 504 U.S. at 560)("[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.").  The Court does not believe that a declaration that §§ 106 and 162(1) are unconstitutional would be likely to prompt Congress to subsidize healthcare costs differently; to lower taxes; or to replace §§ 106 and 162(1) with an appropriations law that accomplishes the same effects.  Therefore, it is unclear to the Court how the relief that Plaintiff seeks could remedy the fact that his tax liability is higher than those employed by third-parties or prevent Congress from raising taxes in the future, for whatever reason.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff lacks standing to pursue this action. Because the Court has concluded that Plaintiff lacks standing, it dismisses as moot Plaintiff's motion for summary judgment.

The clerk of the Court is directed to terminate the motion at docket numbers 24 and 26 and to close the case.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         July 30, 2012